UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BONNIE R. EDWARDS,<br><br>        Plaintiff,<br>vs.<br><br>BANK OF AMERICA, N.A. *et al.*,<br><br>        Defendants. | Case No.: 2:15-cv-0651-GMN-CWH<br><br>**ORDER** |

On April 9, 2015, Plaintiff Bonnie R. Edwards ("Plaintiff") filed a Complaint alleging Fair Credit Reporting Act violations against Defendants Bank of America, N.A. ("BANA"), Credit One Bank, N.A. ("Credit One"), Nationstar Mortgage, LLC ("Nationstar"), and Experian Information Solutions, Inc. ("Experian") (collectively, "Defendants"). (ECF No. 1).  On September 22, 2015, the Court issued an Order of Dismissal as to BANA and Experian under Federal Rule of Civil Procedure 4(m) for failure to effect timely service. (ECF No. 11).  On October 7, 2015, Nationstar filed an Answer to the Complaint, which included affirmative defenses but no counterclaims. (ECF No. 12).  On December 24, 2015, Plaintiff filed a Notice of Voluntary Dismissal of Nationstar. (ECF No. 15).[1]

Federal Rule of Civil Procedure 41 provides for the Dismissal of Actions:

(a) Voluntary Dismissal.
    (1) *By the Plaintiff.*
        (A) *Without a Court Order*. . . . [T]he plaintiff may dismiss an action without a court order by filing:

---

[1] On May 17, 2016, Plaintiff filed a Notice of Voluntary Dismissal of Credit One. (ECF No. 16).  As Credit One had not yet filed an answer or motion for summary judgment, *see* Fed. R. Civ. P. 41(a), the Clerk terminated Credit One pursuant to this Notice.  As such, Nationstar is the only remaining defendant.

>       (i) a notice of dismissal **before the opposing party serves either an answer or a motion for summary judgment**; or
>       (ii) a stipulation of dismissal signed by all parties who have appeared.
>    . . .
>    (2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a) (emphasis added).  Because Nationstar already filed an Answer prior to Plaintiff's Notice of Dismissal, Plaintiff may not voluntarily dismiss her action under without a court order. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

      Nevertheless, almost ten months have passed since Plaintiff filed her Notice of Dismissal, and Nationstar has not filed an objection.  Moreover, Nationstar's Answer did not include any counterclaims.  Accordingly, for good cause appearing, the Court will dismiss this action as to Nationstar, pursuant to Federal Rule of Civil Procedure 41(a)(2).

      **IT IS HEREBY ORDERED** that this case is dismissed as to Nationstar.

      The Clerk of Court shall close the case.

      **DATED** this __27__ day of October, 2016.

```
                                   _____
                                   Gloria M. Navarro, Chief Judge
                                   United States District Court
```